## Charles Bischof, Administrator, v. Illinois Southern Railway Company.

RAILROADS—*extent of application of statute requiring fencing of tracks.* The purpose of the statute requiring railroad companies to fence their rights of way was not to prevent human beings from trespassing upon such rights of way, but it was intended to apply and it is applied only to domestic animals and "other stock," and therefore liability for personal injuries predicated upon a failure to observe such statute does not exist.

Action in case for death caused by alleged wrongful act. Appeal from the Circuit Court of Randolph county; the Hon. BENJAMIN R. BURROUGHS, Judge, presiding. Heard in this court at the February term, 1907. Affirmed. Opinion filed September 13, 1907.

A. E. CRISLER, for appellant.

R. J. GODDARD and W. M. SCHUWERK, for appellee; E. C. RITCHER and W. F. ABBOTT, of counsel.

MR. PRESIDING JUSTICE CREIGHTON delivered the opinion of the court.

This was a suit by appellant against appellee, in the Circuit Court of Randolph county, to recover damages for the death of a six-year old child. A demurrer was interposed to the declaration and sustained by the trial court; appellant elected to stand by his declaration and the court rendered judgment against him in bar of the action and for costs.

Appellant bases his action upon the following section of the statute with respect to the fencing of railroads, viz.: "Fencing Track. Section 1. *Be it enacted by the people of the state of Illinois, represented in General Assembly,* that every railroad corporation, shall, within six months after any part of its line is open for use, erect and thereafter maintain fences upon both sides of its road or as much thereof as is open for use, suitable and sufficient to prevent cattle, horses, sheep, hogs or other stock from getting

on such railroad" * * * "and when such fences * * * are not made as aforesaid, or when such fences * * * are not kept in good repair, such railroad corporation shall be liable for all damages which may be done by the agents, engines or cars of such corporation, to such cattle, horses, sheep, hogs or other stock thereon, and reasonable attorney's fees in any court wherein suit is brought for such damages, or to which the same may be appealed."

The declaration avers in substance, that appellee's railroad was not fenced; that the decedent was a six-year old child, too young to exercise discretion and caution for its own safety; that it strayed from a public highway and went upon appellee's railroad track at a place where it was the duty of appellee, under the statute, to fence its road; and that it was run over by one of appellee's engines and killed.

The question is, may appellant avail of the above quoted statute, upon the facts disclosed in his declaration. So far as we are advised the question has not heretofore been presented to either the Appellate or Supreme Court of this state.

We are of opinion that it was not the purpose of the statute to prevent human beings from trespassing upon the right of way or tracks of a railroad, but that it was intended to apply and does apply only to the domestic animals specified and "other stock." This view we think accords with the better reason and is supported by the greater weight of such authority as we have found bearing upon the question. B. & O. S. W. Ry. Co. v. Bradford, 20 Ind. App. 348; Lake Shore & Mich. S. W. Ry. Co. v. Ludtke, 69 Ohio State, 384.

The judgment of the Circuit Court is affirmed.

*Affirmed.*